case number 19-5106 Royce Corley a balance versus William Bell and Barr attorney general et al. Mr. Boquette Lindell amicus curiae Mr. Buffenroth for the appellees. May I proceed your honors? Good morning yes. Good morning and may it please the court. Noah Boquette Lindell for the court appointed amicus in support of Mr. Corley. Over six years ago Mr. Corley submitted requests to three components of the Department of Justice under FOIA and the Privacy Act. Those statutes require agencies and courts to strike a balance between privacy interests and the fundamental need for disclosure with FOIA placing an especially large thumb on the scale in favor of the latter. Yet throughout this case the government has made a series of privacy arguments on every major issue. Those arguments conflict with FOIA's general philosophy of disclosure. In nevertheless granting summary judgment to the agencies in this case the district court made three significant errors. First the court allowed the FBI and the executive office for U.S. attorneys to withhold documents under FOIA exemption 3 even though the Child Victims and Witnesses Rights Act is not a withholding statute and does not require withholding of the documents at issue here. Second the court granted summary judgment to EOUSA when EOUSA failed to release any documents under the Privacy Act and never invoked any Privacy Act exemptions. And third the court entered summary judgment without even recognizing that the Justice Management Division had failed to even conduct a search though Mr. Corley had included a copy of his FOIA request with his appeal letter. For these reasons we believe the judgment below should be vacated or reversed on these issues. Now starting with the first issue the Exemption 3 issue in order to withhold documents under Exemption 3 an agency has to meet two steps of the standard. First they have to show that the Child Victims Act is a withholding statute as a general matter and second even if it is the agencies have to show that the documents that are within the statute's reach. If they fail to meet either of those two steps then they are not able to withhold documents under Exemption 3. And here the agencies would fail at both steps. At step one in terms of determining whether this is a withholding statute to begin with Department of Justice versus Julian shows that this statute is not a withholding statute. Well Mr. Boekelwinde, could you start with the language of the statute instead of the Supreme Court decision. It says the statute says that all documents concerning a child shall be kept in a secure place to which no person who doesn't have the reason to know shall be able to see them. And then it has only one exception right. It just says one exception. It says that it says they can be disclosed only to persons who by their participation in the proceedings have reason to know. So why isn't this just the standard is the statute says that that a disclosure statute is one that quote requires that matters be withheld from the public in such a manner as to leave no discretion. And this doesn't seem to leave any discretion. It prohibits. It requires that they be kept secret and it has one exception. Right and forget the Supreme Court in Lindell for a minute. Why isn't this statute just on its face an Exemption 3 disclosure statute. Well because it does allow it authorizes disclosure to certain people and again it's it's sort of hard to give it but it's a limited disclosure to people in the context of a statute that requires it that all be kept shall be kept in a secure place to which no person who does not have access has access. It's a blanket. It's a prohibition on if I may follow up on Judge point isn't the key word only in 3509 D1 double I isn't that the key word only disclose only meaning you don't disclose anybody else. Well again I think this is why I think it's a little hard to divorce this from the ruling in Julian because the statutes at issue there were very similar. The only people who are allowed to have access to the pre-sentence reports in the laws in at issue in Julian were the defendant and the defendant's counsel and yet the Supreme Court said that because it allowed for that disclosure it authorized that disclosure it's not a withholding statute and here we don't have exactly the the same level you know of complete mandatory authorization but we do have this situation where it clearly carves out people who are authorized to receive this. There's also subsection D4 which again reiterates that it does not prohibit disclosure. I don't mean to interrupt you but before we leave the Supreme Court decision it says I'm looking at the language of the statute it says that it says that rule rule 32 and the parole act didn't qualify because they were designed to quote not to protect the reports from disclosure not to protect the reports from disclosure whereas this statute does. Well again though in in Julian the statutes at issue there only allowed it to be disclosed to certain people and so again you know we have this situation where there's disclosure allowed to a certain small subset of people but not necessarily to the public and so they are pretty much on all fours. You have situations where both of them authorize disclosure to defendants and defendant's neither in either case you have an explicit time frame for that disclosure and in both cases with the parole act in Julian and here with the child victims act the people who receive the disclosure are allowed to hold on to it even though they try to prevent further disclosure outward in both cases and in Julian itself it notes that there was a series of changes made to the statute in order to facilitate disclosure and it says for example in 1966 they amended the rule to allow the courts to disclose this information to defendants and then there were a series of further amendments that went even further after that but the court was noting that this was a series of amendments starting with the one that allowed courts to disclose this information to defendants that showed that there was a desire to facilitate some disclosure and the other thing to keep in mind here in terms of the text of the statute is that this statute was designed to balance the privacy interests at issue with the constitutional rights of defendants as well as the rights of these other actors that the statute specifically created and allowed access to the proceedings guardians ad litem adult attendance etc. Mr. Bookett-Lindell, I mean in the context of a FOIA search Mr. Corley is not a criminal defendant. Right yes and as far as his claim that he is able to directly receive this information under the statute there is this question about whether he still qualifies as a as a defendant because he was the defendant in the proceedings at issue but those proceedings have ended. I will note that when he requested these documents he was seeking them in order to aid in so while the the trial proceedings were over it was still part of his case but regardless the question for exemption three is not whether under the statute himself he's a defendant because even in Julian the people there were no longer defendants they were inmates as the court said they were not in the periods of time where the statute explicitly allowed for disclosure to them they were just sitting in jail they had already been sentenced. What is your response to the government's distinction of Julian? Based on the NRDC case your honor? The government argues that in Julian the individual involved was a beneficiary of the disclosure which is not true here. Right your honor well I mean first of all he is in the sense that he is one of the people who was allowed to have this information under the statute but more fundamentally that argument doesn't deal with the exemption three portion of the discussion in Julian that deals with the exemption five discussion in Julian there were two exemptions at issue in Julian and if you read through Julian it does the entire exemption three analysis without even talking about this question of a special access right it's when it gets to exemption five where they say normally we would not allow this information to be disclosed but because this is the subject of the report themselves they're the beneficiary of that privilege that discovery privilege that therefore we would allow this to be disclosed to this particular person and if you look at justice Scalia's dissent that's where he joins issue with the majority is this question of exemption five and saying we are creating the special access right for one person that's not part of the exemption three discussion in Julian and so I think that when we're talking about exemption three that special access issue is not directly relevant it's a question of whether the statute creates an authorization of disclosure to particular people and one other thing I'd note about that on the text is if you look at subsection h of the statute where it creates these guardians ad litem it has subsection h2 of the statute which specifically says the guardian ad litem may have access to all reports evaluations and records except attorney's work product necessary to effectively advocate for the child so there we have yet another example in addition to the privacy provisions themselves including d4 we now have h2 in the statute where they're specifically creating this avenue for certain people to have access to this information well but the language of FOIA exemption 3 itself that provides for statutory exemptions doesn't suggest that the statutory exemption has to be complete right I mean sub you know the exemption 3a romanette 2 says right a statute establishes particular criteria for withholding or refers to particular types of matters to be withheld right it doesn't have to be everything is withheld or a categorical withholding of information right and again the the category that we're talking about in terms of what's even covered by the provision itself is this specific set of documents that refer to a child that but again even within that there's this question of is it requiring withholding entirely and again that's that's where julian comes into play here because even though yes referring to a specific set of documents in julian it was referencing one particular document it was referencing a pre-sentence report so by the text of exemption 3 it would seem to fall within exemption 3 it's saying here is this document that we are only allowing one person and their attorney to see and there are certain types of information within that that even that that defendant can't see and that information is withheld under under exemption 3 um so um mr mr book outland are you excuse me are you aware of our decision in a case called united states versus bryce do you know about that case uh i don't think so your honor it's i asked because i don't usually like to bring up cases that aren't mentioned in the brief it's not mentioned in the government's brief so maybe i'm missing something and i'll ask them about it but in bryce um bryce was a section 3509 case and we held specifically that the statute is quote not an affirmative disclosure statute but rather forbids disclosure of sensitive information um that was a case where trying to get access to certain sealed materials so all right well you're not aware of the case right no i'm sorry first of all i noticed that i've gotten into my rebuttal time is it all that's okay you can keep going i i have a question um about the uh your argument about 18 year old women yes um so under your theory if there is a um if if there's a uh let's say a very graphic photograph of a 16 year old um that that that document is not protected once that person becomes an adult is that right i think that it it would be protected but not under this particular statute why why would congress have passed such a statute because your honor i think first of all congress was adding an additional layer of protection on top of all of the protections that already existed obviously within the FOIA context alone there are exemption six and exemption seven c but let's just stick with the statute for a minute of course just i i take your argument about the definition of a child but the dictionary act says you still have to look at context so this statute refers to documents that quote concern a child that's the language right yes so is a photograph of a rat is a graphic photograph of a 17 year old no longer a document concerning a child when that 17 year old is 25 i think it's i mean that can't i i certainly i i certainly think that that that's a plausible reading of the statute i think that there are two problems with it one textual and one in terms of consequences in terms of the text again i think if we're talking colloquially in terms of saying what i don't even see why excuse me but i don't understand why a photograph of a of a 17 year old when that person is 25 is not a photograph of a child i think again because there's a statutory definition as opposed to our normal way of thinking about what a child is and the statutory definition refers to a person who is under the age of but but but the dictionary act makes it very clear that you look at the context and the purpose of the statute and and besides yeah yes of course your honor and and there again i think a couple of things one the the overall context of the statute and the purpose of the statute is meant to help people while they are children be able to tell their stories to law enforcement and to be able to testify at trial and so again the vast majority of the statute doesn't make any sense once someone turns 18 you know appointing a guardian ad litem for someone once they're 18 doesn't make any sense it has some legal problems with it uh same with having an adult attendant there and having the child be able to sit on their lap or hold their hand which is something in the statute but also those provisions do not use the term concerning a child right so they all refer to a child and so maybe that definition makes sense as someone under 18 you know with respect to those provisions but but to judge tatel's point i mean why is a picture of a minor you know of a child not always a document concerning a child because the document itself the photo or you know whatever material is in that document is always concerning a child even if that person is now an adult well i think again this gets into problems of application as well i think that it would have you know if we go beyond just thinking about a photograph this would have some applications that seem very much at odds with the statute so if you have someone who's 50 years old and for the first time comes out and says when i was 10 years old i was police under this reading of concerning a child that statement would have to be kept under lock and key forever because the person is describing it's describing events that happened when this person was 10 years old but they're 50 years old now that's when they made the statement they're miles away from being they still have a privacy interest in not having the public know you know some horrible acts that happened to them when they were a child i'm not sure why that would change whether whether the crime came came out when someone was a minor or came out when someone was an adult the privacy interest i'm not sure why the privacy interest would be you know would be any different and also that doesn't explain this you know concerning language which seems to me unless i'm missing something only to be used with respect to the privacy protections right suggesting that that is something different right you know it's concerning a child i think they use the statute uses that phrase multiple times in the context of the privacy protections but not in the context of the other treatments of a child right and i i think that again this is a matter of not thinking about the word child colloquially and and inserting the statutory definition of a child and thinking about it again in context as judge chadle pointed out looking at what the statute is trying to do because again yes they certainly have privacy interests if you're a 50 year old and you're talking about something that happened when you were 10 but the question is does this statute was this statute meant to deal with that privacy interest or were previously existing uh doctrines um first amendment uh balancing tests for example and in the FOIA context exemption 6 and 7c were those already enough to handle that and here congress was just trying to say when we have a situation where we have children people a person who is under the age of 18 and they are in need of help in terms of telling their story to law enforcement and participating in the proceedings as they're occurring and that's that's why it makes sense to think of this and to take the statutory definition seriously and to say it's referring to someone who is under the age of 18 because let me let me forgive me for interrupting of course but even without regard to the policy points that judge taylor raises i read the statute the following way i read the statute of 3509a defines who is the person we're talking about in the rest of the statute and that's a person who is under the age of 18 when the uh crime takes place then you just take that person the child who you've defined in 3509a and then you go to 3509d1 and it's the same child uh all throughout 3509d1 i and double i that's the way i read it without even having the kids to consider the policy questions well i think your honor are the purpose yeah i think i think the problem there is that it adds words to the statutory definition it adds words when the when the offense occurred a person who is under 18 at the time the offense occurred and we pointed to a number of statutes in our brief uh that actually do that when congress wants to set the reference point as the time at which the offense occurred it says that it either explicitly says under 18 when the offense occurred or something similar to that or it says you know in the in the juvenile justice statute it talks about a person who's under 18 um when they committed the crime and here it doesn't do that and again i point out that you know if we're looking beyond just the the privacy provision because the statutory definition applies across the entire statute many many provisions of this statute don't make very much sense if you're keying this to the time of the offense and someone could be far older than 18 at the time the trial is occurring and you're talking about appointing a guardian ad litem you're talking about an adult attendant you're talking about having a competency hearing to determine whether they are able to testify these are all provisions that are dealing with the the situation that congress had in mind which is someone who is still a child in the midst of these proceedings and wanting to testify but that's well even under your argument the best you would make is that it's ambiguous right at the very least i think it's ambiguous and i think when you're you're dealing with this question of withholding statute um i think that's something to pay attention to i don't think obviously that that means you need to have an just dealing with foia as opposed to the entire interpretation of the statute but i think it's something to keep in mind i would also point out that you only get this far if you uh first get past the question of whether this is a withholding statute to begin with right and for the reasons we stated we don't think it is to begin with okay find your argument on that point rather weak because of the word only i'm sorry that's all right um unless my colleagues have any other questions we'll are you okay judge let's hear from the government and we'll give you a little time on rebuttal thank you good morning your honor is peter faffenroth for the government the privacy question this entire provision that we've been discussing is about privacy privacy protection and quote unquote confidentiality of information and it's about protecting children that's what congress was doing by enacting this statute the notion that uh the statutory language defining child somehow evaporates when someone becomes 18 because that happens to be the moment when they testify or that happens to be uh the moment when the victim finally takes uh the stand or a witness finally takes a stand just doesn't make sense in either logically or in terms of a statutory language itself you are a victim the moment that mr corley sexually traffics you and in this case the jury found that each of the girls was underage at the time and that issue is simply you know settled law the second circuit has your opponent that the statute is ambiguous i don't think it is you're reading it as child is defined as a person who is or was under the age of 18 isn't that correct that's the way you're reading it i don't think that's actually a necessary way to read it you you know that's the way you're reading isn't that's the way you're reading it i'm reading it that judge solverman i don't mean to to fight you on this but the person is a victim at the moment that they are sexually trafficked and that status never ends excuse me counsel go right ahead and fight it's your job thank you thank you judge uh i i just don't i don't see it as being ambiguous uh your honor um the person is a victim and that person will remain a victim for all time because she was sexually trafficked by mr corley when she was 16 years old she is a victim forever yes hopefully she'll live to a ripe old age um but she'll still be a victim of sexual trafficking of minor i think i think i understand your point let's assume arguendo that it's ambiguous then what then uh congress did the balancing and the reality is that uh the the notion that foia is a disclosure statute and therefore we have to err in favor of disclosure that notion really doesn't have much force in the exemption 3 context where congress has already done the national security statutes that you know are well established as exemption 3 withholding statutes even if there was a little bit of ambiguity there the the fact is we congress just determined that national security secrets need to be kept secret and we're not going to interpret that ambiguity in favor of a requester uh because congress already did that balancing but you didn't quite answer how so what is the doctrinal basis on which we would decide in your favor if we concluded section 3509a was ambiguous we can't give deference to the agency under four foyer or the privacy act can we no not there's not a single uh you know the department of justice as the agency that is applying um all of these criminal statutes and is the agency that is clearly charged under the statute with you know prosecuting the individual i mean the department of justice is justice i'm not suggesting that i i i don't think that you know this is a nonetheless i mean the the fact is if there were any such agency it would be it would be doj the fact is we don't correct you don't no that's true okay so why don't you just set that aside isn't isn't the answer to judge sylvan's question well you then look at the policy underlying the statute doesn't that help us certainly doesn't that help you if i may rephrase judge jato is this a legitimate is this a legitimate place to look at the purpose of yes and hypotheticals if you think about them are a reduction to absurdity his hypothetical of the picture being distributed on the internet 20 years later is so horrifying congress could not possibly have meant that isn't it that's right josh subraman the purpose of the statute clearly is to both protect the privacy of the individual who was victimized as a minor and to keep protecting that person right the statute uh talks about keeping the material under seal and there's no time where that sealing expires in the statute and congress also i think it is reasonable to infer given the overall provisions of section 35 3509 in terms of facilitating potentially very nervous children to participate fully and meaningfully in criminal prosecutions of their assailants would want to provide a variety of ways of making those children comfortable and other provisions talked about you know having a guardian ad litem or somebody that they can sit on the lap of or what have you but this provision was all about the privacy and many children would reasonably and their parents who are advising them and things like that would reasonably be very uh of the facts underlying this prosecution coming out later and causing re-victimization to the children i don't care for normally referring to the purpose of the statute as opposed to the text but if there ever was an example where it might be legitimate it might be in this case if we were to decide on this issue against you the supreme court would reverse 9-0 because they don't care about text as much as purpose your honor i think the supreme court has already has already hinted or well not even just hinted it said how it feels about this issue generally before section 3509 what became law in globe where it talks about the critical importance of protecting against psychological and other harm to child victims of sexual abuse yeah i i asked uh mr bocat lindell about u.s versus bryce do you know about that case your honor i confess that in my research i clearly missed it and i maybe i just i'll maybe i just missed something that's all judge tatel is that you're curious about why no one decided i'm sorry not me it's not your opinion no if it would be helpful to the court i'd be happy to research it and and submit a letter or whatever you'd like that's okay no no just no no no need to no the last thing in this case is longer briefs i hear you your honor uh it it is a little bit of a challenge when i have i had a lot of briefs including from the pro se appellant that i had to respond to right um any other questions do you have anything else you want to add to what about anything you want to say about the other issues i would like to rest on our briefs your honors and if i would simply ask that the decision be affirmed okay thank you um mr bocat lindell you can take two minutes thank you um first just a couple of points on that and then a couple of points on the the issues that hadn't been discussed um first as the the textual point that mr battenroth was making about a victim or witness uh being a forever status that's very much true and so you say someone is a victim or witness forever that's not the same when you're saying someone is under the age of 18 once you turn 18 to say they that this person is under the age of 18 no longer makes any grammatical sense so i think that those two things even though you use is for both grammar clearly creates a difference there i also um think that again you're having to balance constitutional rights here uh and the globe newspaper decision shows that there are other to balance these rights aside from just this statute so we don't necessarily have to read the policy of the statute to the ends of the earth uh in order to what are the constitutional rights in a foyer request well it's not about the foyer request your honor it's about the statute itself and in the statute itself congress was balancing privacy rights against the constitutional rights of the defendant if the defendant and the defendant's counsel were not allowed to receive a lot of these documents you could have brady problems you could have that balancing you would you acknowledge it's not an issue here it is in the sense that exemption three is about the underlying statute it's not so much about foya's interests it's about what does the statute itself say and what is the statute itself doing and when you're just doing a statutory interpretation of the child victims act i think you do have to consider the fact that there was this balancing going on in the creation of the statute itself on the other issues i want to point out that that on the eo usa privacy act issue the only arguments the government has were that uh these are not agencies uh even though clearly the statutory definition of agencies includes these sub components uh and this court has gotten very close to the line of already saying that these are separate agencies um and as we point out in the reply brief none of the none of the documents that they point to uh actually shows that eo usa um made privacy act exemption arguments and likewise didn't show that the justice management division uh had not received the appeal letter from mr corley on that issue i see i've gotten over my time okay thank you uh mr bocat lindell you were appointed by the court to serve as amicus and we're grateful to you for your assistance thank you may i add this to that uh judge tatel please i think i think it was a superb brief yeah and an excellent argument thank you very much just so far and i appreciate that
judges: Tatel, Rao, Silberman